**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Francisco Munoz Lutz,<br><br>Defendant. | No. CR-19-0692-TUC-RM (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendant Francisco Munoz Lutz's Motion to Dismiss Indictment with Prejudice (Doc. 20). The Government has filed its response and Defendant replied. Govt.'s Response in Opp. to Def.'s Mot. to Dismiss Indict. with Prejudice (Doc. 22); Def.'s Reply to Govt.'s Response to Def.'s Mot. to Dismiss (Doc. 23). Defendant Francisco Munoz Lutz is charged with one (1) count of conspiracy to possess with intent to distribute marijuana; one (1) count of possession of marijuana with intent to distribute; one (1) count of conspiracy to import marijuana; and importation of marijuana. Indictment (Doc. 14).

Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. On June 6, 2019, oral argument was held before Magistrate Judge Macdonald, and the matter taken under advisement. Minute Entry 6/6/2019 (Doc. 26). On July 9, 2019, Defense counsel filed a Factual Supplement to Motion to Dismiss (Doc. 29). The Magistrate Judge recommends that the District Court, after its independent review, grant Defendant's motion and dismiss this

matter with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2019, Francisco Munoz Lutz was arrested at the Naco, Arizona Port of Entry for knowingly and intentionally possessing with intent to distribute less than 50 kilograms of marijuana. *See* Compl. (Doc. 1). On February 25, 2019, he was charged in a criminal complaint and had his Initial Appearance in this matter. *See* Compl. (Doc. 1); Minute Entry 2/25/2019 (Doc. 2). Defendant was charged with possession and possession with intent to distribute marijuana. Compl. (Doc. 1).

Mr. Lutz is a citizen of Mexico, previously granted Legal Permanent Resident status in the United States by a U.S. immigration agency. On February 27, 2019, Defendant had a detention hearing before the Honorable Jacqueline M. Rateau. Minute Entry 2/27/2019 (Doc. 4). Judge Rateau ordered the Defendant released under certain conditions. *Id.*; *see also* Order 2/27/2019 (Doc. 5). The United States Marshal released Defendant from custody, in compliance with the February 27, 2019 release order, but Immigration and Customs Enforcement ("ICE") immediately took him into custody.

On March 4, 2019, Mr. Lutz was scheduled to appear for his preliminary hearing before this Court, but was not present because he was in ICE custody and not transported. Minute Entry 3/4/2019 (Doc. 9). The hearing was continued until March 6, 2019 so more information could be obtained about Mr. Lutz's status. *Id.* On March 6, 2019, defense counsel informed the Court that Mr. Lutz was in ICE custody, which resulted in him missing court for the second time in less than a week. Minute Entry 3/6/2019 (Doc. 10). Defense counsel affirmatively requested that a preliminary hearing be set within the fourteen (14) days required by Rule 5.1, Federal Rules of Criminal Procedure. *See id.* The Court calendared the hearing for March 12, 2019 and directed the Government to issue a Writ. *Id.* The government applied for a habeas writ on March 7, 2019 (Doc. 11), and Mr. Lutz appeared for Court on March 11, 2019. Minute Entry 3/11/2019 (Doc. 12).

At the March 11, 2019 hearing, Mr. Lutz although transported by the U.S.

Marshal, remained in ICE custody. *Id.* Through counsel, Mr. Lutz reiterated his demand for a preliminary hearing, which the Government indicated it was not prepared to proceed on. *Id.* The Court ordered Defendant released on the previously imposed conditions of release imposed by Magistrate Judge Rateau on February 27, 2019. *Id.*

On March 13, 2019, Mr. Lutz was indicted by a grand jury. On March 25, 2019, Mr. Lutz was arraigned, and the Court held a discussion regarding his custody status. The Court stated in its Minute Entry that "[t]he defendant is released as to this case, in compliance with the Order filed 2/27/2019, but will remain in ICE custody." Minute Entry 3/25/2019 (Doc. 17). Mr. Lutz remained in ICE custody, but has since been removed from the United States. Def.'s Factual Suppl. (Doc. 29). Defense counsel has been unable to contact Mr. Lutz. *Id.*

## II. ANALYSIS

Defendant seeks dismissal of this cause of action, because "[t]he government's choice to continue to detain Mr. Lutz demonstrates intent to thwart this Court's lawful orders issued pursuant to the BRA." Def.'s Mot. to Dismiss (Doc. 20) at 5. The Government argues that *Laurean-Lozoya*[1] and *Trujillo-Alvarez*[2] were wrongly decided, and *Valadez-Lara*[3] was implicitly overruled.

In light of the Government's removal of Mr. Lutz, the Court need not address these arguments. The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "Defendant's deportation presents a clear challenge . . . to his ability to consult with counsel, to review the evidence against him[,] and to prepare a defense to the charge. . . . This constitutes a violation of his Sixth

---

[1] *United States v. Juan Carlos Laurean-Lozoya*, Case No. CR-18-00700-TUC-RM (BGM), United States District Court, District of Arizona.

[2] *United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167 (D. Or. 2012).

[3] *United States v. Valadez-Lara*, 2015 WL 1456530 (N.D. Ohio March 30, 2015).

Amendment right to counsel." *United States v. Resendiz-Guevara*, 145 F.Supp.3d 1128, 1138 (M.D. Fla. 2015).

"Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). "Guided by considerations of justice, and in the exercise of supervisory powers, federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or Congress. The purposes underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and finally, as a remedy designed to deter illegal conduct." *United States v. Hasting,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). "It is undisputed that Defendant's unavailability to face the charges against him is not due to his own volition but the Executive Branch's decision to deport him." *Resendiz-Guevara*, 145 F.Supp.3d at 1138. "[B]ecause the Executive Branch elected to prioritize deportation over the criminal prosecution the indictment should be dismissed." *United States v. Resendiz-Guevara*, 145 F.Supp.3d 1128, 1137 (M.D. Fla. 2015).

Mr. Lutz has been removed from the United States and returned to Mexico, he continues to suffer a violation of his right to counsel in this matter. This violation of Defendant's constitutional rights is solely due to the actions of the Government. As such, the Court finds it appropriate to grant Defendant's motion and DISMISS this action WITH PREJUDICE.

## III. CONCLUSION

The Court finds that Mr. Lutz's inability to participate in his defense is a direct result of action by the Government, and warrants dismissal of the indictment pursuant to the Court's supervisory powers. As such, it is recommended that Defendant's motion to dismiss be granted with prejudice.

**IV.  RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court GRANT Defendant Francisco Munoz Lutz's Motion to Dismiss Indictment with Prejudice (Doc. 20).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR-19-00692-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 19th day of July, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge